[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The Plaintiff, Rudolph Netsch Construction Co., Inc. ("Netsch"), commenced this action seeking injunctive and declaratory relief enjoining the Defendant, the State of Connecticut Department of Public Works ("DPW"), from awarding a public construction contract involving restorations to Gillette Castle (the "Project") to the second low bidder, Thomas J. Kronenberger Sons Companies, Inc. ("Kronenberger"). Although Netsch was low bidder for the Project, its bid was rejected by the DPW.
The Defendant has filed a motion to dismiss asserting that CT Page 576 the Court lacks subject matter jurisdiction on the grounds of the State's sovereign immunity and the Plaintiffs lack of standing.
The motion to dismiss is the proper motion to assert lack of subject matter jurisdiction. Practice Book (1998 Rev.) §10-31 (formerly § 143). Once raised, it must be acted upon immediately by the court. Gurliacci v. Mayer, 218 Conn. 531, 545
(1991). "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause."Tomlinson v. Board of Education, 226 Conn. 704, 717 (1993). "The plaintiff has the burden of proving standing." Fink v. Golenbeck,238 Conn. 183, 199 (1996).
In ruling upon a motion to dismiss, the court must construe the facts alleged in the complaint, including those necessarily implied from the allegations, in a manner most favorable to the plaintiff. Pamela B. v. Ment, 244 Conn. 296, 308 (1998). Where general equitable relief is requested, the court "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Id., 309. The court upon request must hold an evidentiary hearing when questions of fact with respect to the issue of standing are raised. Unisys Corporation v. Department ofLabor, 220 Conn. 689, 695 (1991) ("Unisys").
Lengthy oral argument on the motion was heard on December 7, 1998. The parties had submitted voluminous memoranda, annexed to which were even more voluminous exhibits. Counsel for Kronenberger was present, but could not officially participate because its motion to intervene could not be acted upon prior to the resolution of this motion. Federal Deposit Ins. Co. v.Peabody N.E., Inc., 239 Conn. 93, 99 (1996).
At the commencement of the afternoon session, the Court specifically asked on the record whether either party was requesting an evidentiary hearing, and advised the parties that the lack of an evidentiary hearing might result in an adverse ruling to one party or the other. If requested, the Court was prepared to schedule such a hearing. However, each party then stated on the record that it was not requesting an evidentiary hearing and was waiving its right therefor.
In order that there be no question as to the applicable facts, much of which are in documentary form, the Court requested that the parties file a stipulation setting forth these facts, as CT Page 577 well as each party's supplemental memorandum of law. The parties subsequently filed the same. The stipulation is entitled "Stipulated Facts" and is dated December 11, 1998 (the "Stipulation"). It contains 26 numbered paragraphs of factual stipulations together with numerous documentary exhibits. Unless otherwise noted, references herein to exhibits are to the exhibits annexed to the Stipulation.
On or about June 22, 1998 the DPW publicly invited qualified construction contractors to submit bids for a contract to perform stone restoration and roof repair work on Gillette Castle. Stipulation ¶ 4. Gillette Castle is an historic, castle-like building, built entirely of rubble-course field stone, owned by the State and on the National Register of Historic Places. Stipulation ¶ 1. On the opening of the bids on August 5, 1998, it was determined that Netsch submitted the apparent low bid of $1,799,000, and that Kronenberger submitted the apparent second lowest bid of $1,994,000. Stipulation ¶¶ 6-7.
On September 25, 1998, the DPW rejected Netsch's bid on the ground that Netsch was not qualified. Stipulation ¶ 17; Exhibit D. The DPW then determined that Kronenberger was qualified, and on September 28, 1998 so notified Kronenberger. Stipulation ¶ 19; Exhibit E. Netsch promptly filed a bid protest petition, and requested a hearing pursuant to General Statutes § 4b-100. Stipulation ¶¶ 20-21; Exhibits F-G. On October 5, 1998 the DPW issued a ruling rejecting the Netsch petition without scheduling or holding an informal conference to hear the protest. Stipulation ¶ 22; Exhibit H. Netsch's appeal from this ruling was denied on October 21, 1998. Stipulation ¶ 25; Exhibit J.
At one time the rule in this State was that an unsuccessful bidder had no standing to challenge the award of a public contract. Ardmare Construction Co. v. Freedman, 191 Conn. 497,501 (1991) ("Ardmare"). An exception to this rule was enunciated in Spiniello Construction Co. v. Manchester, 189 Conn. 539 (1983) ("Spiniello"). This exception permits intervention by an aggrieved party where "fraud, corruption or favoritism has influenced the conduct of the bidding officials or where the very object and integrity of the competitive bidding process is defeated by [their] conduct." Id., 544. Spiniello held that a concession given to one bidder but not to the others constituted impermissible favoritism. CT Page 578
Netsch has made similar allegations, namely that the DPW has not applied the same objective criteria to all bidders, as required by the competitive bidding statutes, General Statutes § 4b-91 et seq. in general, and § 4b-92 in particular. Netsch's primary such allegation concerns the bidding requirement for the stone restoration portion of the Project. This requires the bidder to list five projects of historic nature with fieldstone. Exhibit A-1, ¶ 4.3c, page 11.
The September 25, 1998 letter from the DPW to Netsch rejecting its bid, states in part as the basis for rejection, that Netsch has not satisfied the requirement that it has done "at least five (5) projects, works of an historic nature, with field stone, contracts of a range between $400,000 and $600,000 in cost. . . ." Exhibit D, page 1. Netsch contends, and has set forth supporting factual data, that this alleged defect also applies to Kronenberger's designated stone restoration subcontractor. Exhibit F, page 2; Affidavit of Rudolph Netsch, dated December 1, 1998, pages 8-11.
Ardmare involved a trial on the merits of an action for mandamus to require the defendant to award the subject construction contract to the plaintiff, the low bidder. The trial court's ruling in favor of the plaintiff was reversed, in part because "[t]here was no allegation of fraud or favoritism, nor was either proven." Ardmare, supra, 505. Netsch has properly alleged and raised the issues of favoritism and unequal treatment in that the DPW applied its bidding requirement in an arbitrary manner, similar to that in Spiniello.
As both parties have rejected an evidentiary hearing on this motion, the Court must accept the facts alleged. Pamela B. v.Ment, supra. Sovereign immunity does not bar suits against the State where its officials have acted in excess of their statutory authority. Unisys, supra, 697-698. For purposes of this motion, therefore, Netsch has satisfied its burden of proof of standing.
Netsch also contends that it was improperly denied a nearing on its protest petition, and that an award to Kronenberger will violate the provision of General Statutes § 4b-91 that the award "shall be made within sixty days after the opening of . . . bids." These are issues to be decided on the merits of this action, not on this motion.
The motion to dismiss is denied. Upon the entry of this ruling, CT Page 579 Kronenberger's motion to intervene shall be granted.
David L. Fineberg Superior Court Judge